# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Hill,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Russell Skinner, et al.,<br><br>　　　　　Defendants. | No. CV-24-01256-PHX-SMB (ESW)<br><br>**REPORT**<br>**AND RECOMMENDATION** |

**TO THE HONORABLE SUSAN M. BRNOVICH, UNITED STATES DISTRICT JUDGE:**

　　　This is a civil rights action filed by Jerry Hill ("Plaintiff") pursuant to 42 U.S.C. § 1983. Plaintiff was incarcerated at the time of filing the Complaint (Doc. 1). In the Notice of Assignment filed on May 28, 2024, the Court advised Plaintiff that he must file a Notice of Change of Address if his address changes and that failure to do so may result in the case being dismissed. (Doc. 4 at 2). In its October 1, 2024 Order, the Court reiterated that Plaintiff "must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure" and that "[f]ailure to comply may result in dismissal of this action." (Doc. 7 at 6). It is assumed that Plaintiff received the Notice of Assignment (Doc. 4) and Order (Doc. 7) as they were not returned as undeliverable.

　　　On April 11, 2025, Defendant Sheridan notified the Court that his Third Supplemental Disclosure Statement and Notice of Service that was mailed to Plaintiff on

March 24, 2025 was returned with a notation that Plaintiff is no longer in custody. (Doc. 40 at 1). The returned mail does not provide a forwarding address. (Doc. 40-1). The Court's March 27, 2025 Order (Doc. 37)[1] was also returned to the Court as undeliverable. (Doc. 39.) As of the date of this Report and Recommendation, Plaintiff has not filed a notice of change of address as required.

## I. DISCUSSION

Plaintiffs have the general duty to prosecute their case. *See Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well-established rule that the duty to move a case is on the plaintiff and not on the defendant or the court."). "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). A plaintiff's failure to keep the Court informed of his address constitutes a failure to prosecute.

Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a pleading for failure to prosecute even without notice or hearing. *Link*, 370 U.S. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors

---

[1] The Order (Doc. 37) set April 4, 2025 as the deadline for Plaintiff to respond to Defendant Sheridan's March 5, 2025 "Motion for Summary Adjudication" (Doc. 32). Defendant Sheridan does not state in his Notice (Doc. 40) that the Motion (Doc. 32) was returned as undeliverable. Plaintiff did not respond to the Motion (Doc. 32).

favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his current address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as adjudication upon the merits "[u]nless the dismissal order states otherwise." The Court may dismiss the case without prejudice.

Plaintiff has not informed the Court of his new address despite having been ordered to do so. Mail to Plaintiff has been returned and cannot be forwarded. This suggests Plaintiff has abandoned his case. The undersigned will recommend dismissal of Plaintiff's case without prejudice, subject to Plaintiff filing an objection to this Report and Recommendation that shows good cause why the case should not be dismissed.[2]

## II. CONCLUSION

For the reasons set forth herein,

**IT IS RECOMMENDED** that this action be dismissed without prejudice for Plaintiff's failure to comply with the Court's Orders and to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, subject to Plaintiff filing an objection to this Report and Recommendation that shows good cause why the case should not be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific

---

[2] This Report and Recommendation constitutes notice to Plaintiff that this case may be dismissed. *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) ("The district judge has an obligation to warn the plaintiff that dismissal is imminent.").

written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 18th day of April, 2025.

_____
Honorable Eileen S. Willett
United States Magistrate Judge