KAB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Hill, | No. CV-24-01256-PHX-SMB |
| Plaintiff, | |
| v. | **ORDER** |
| Potres, et al., | |
| Defendants. | |

Plaintiff Jerry Hill, who was formerly in the custody of the Maricopa County Sheriff's Office, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are: Defendants' Motion for Summary Adjudication (Doc. 32)[1] and the Magistrate Judge's Report and Recommendation (Doc. 41).

On screening pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a Fourteenth Amendment failure to protect claim against Defendants based on Plaintiff's allegations that the individual Defendant Officers (Potres and Pena) failed to protect him from an attack by another detainee and Defendant Sheridan had a custom of understaffing that led to the Fourteenth Amendment violation. (Docs. 7, 20.)

Defendant Sheridan moved for summary adjudication based on Plaintiff's failure to serve Defendants Potres and Pena (Doc. 32) and the Magistrate Judge subsequently issued

---

[1] The Court attempted to inform Plaintiff of his rights and obligations to respond (Doc. 37), but the mail was returned as undeliverable. (Doc. 39.)

a Report and Recommendation based on Plaintiff's failure to prosecute this action and keep the Court apprised of his current address (Doc. 41).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made.").

Here, the Magistrate Judge recommends dismissal of this action without prejudice because Plaintiff has ostensibly lost interest in its prosecution and has not kept the Court or Defendants apprised of his address. There being no objection,

**IT IS ORDERED**:

(1) The Magistrate Judge's April 21, 2025 Report and Recommendation (Doc. 41) is **ACCEPTED AND ADOPTED**. This action is **dismissed without prejudice for failure to prosecute**. The Clerk of the Court must enter judgment accordingly.

(2) Defendant's Motion for Summary Adjudication (Doc. 32) is **denied as moot**.

Dated this 6th day of May, 2025.

Honorable Susan M. Brnovich
United States District Judge